The Sea Gull and The Transfer No. 5.[1]

Reed et al. v. The Transfer No. 5.

Long Island R. Co. v. The Sea Gull and The Transfer No. 5.

(District Court, E. D. New York. April 14, 1890.)

COLLISION—STEAM-VESSELS MEETING—CHANGE OF COURSE—SIGNALS.
    The steam-boat Sea Gull was proceeding by night up the East river, just below Blackwell's island. The steam-tug Transfer No. 5, with a car-float on her starboard side, came down the channel on the east side of Blackwell's island, made the lights of the Sea Gull on her starboard bow, and blew her two whistles. The Sea Gull ported to cross the course of the Transfer No. 5, but came in collision with the car-float and was sunk. Her justification for her course was that the tug blew her one whistle. The court found that the Transfer's whistle was a signal of two blasts. Held, that the Sea Gull was in fault for the collision.

In Admiralty. Actions for damages by collision.
    The suit of Reed and others was to recover for the loss of the Sea Gull. The collision broke the float loose from the Transfer No. 5, and it drifted against a Long Island Railway Company float, lying at a wharf. To recover for the damages thereby occasioned, the second suit was brought.
    *Hinsdale & Sprague*, for Long Island Railroad Company.
    *Wilcox, Adams & Macklin*, for the Sea Gull.
    *Page & Taft* and *R. D. Benedict*, for the Transfer No. 5.

[1] Reported by Edward G. Benedict, Esq., of the New York Bar.

BENEDICT, J. The pleadings in these cases, and the testimony of the master of the Sea Gull, make it entirely clear that the Sea Gull was proceeding up the channel outside of Transfer No. 5, which was moving down the channel. The vessels were not on parallel courses, and the natural navigation under the circumstances would have been for the Sea Gull to pass up in the tide outside of Transfer No. 5, and for Transfer No. 5 to keep near the shore coming down. Instead of passing outside the Transfer No. 5, the Sea Gull ran across the course of the Transfer No. 5, intending to pass up inside of her, and so caused the collision. Her only justification for this course is that she received a signal of one whistle from the Transfer No. 5. The case turns, in my opinion, upon the question whether the Transfer No. 5's signal, being the first signal given between these two vessels, was a signal of two whistles or of one. Upon this question of fact the weight of the evidence is against the Sea Gull, and in favor of the averment on the part of the Transfer No. 5 that her first signal was two whistles. This finding is conclusive of the case. The libel of Reed against Transfer No. 5 must accordingly be dismissed, and the Long Island Railroad Company must recover in their action against the propeller Sea Gull, and her libel as against the Transfer No. 5 must be dismissed.